STRADLEY, RONON, STEVENS & YOUNG, LLP
A Pennsylvania Limited Liability Partnership
LibertyView
457 Haddonfield Road, Suite 100
Cherry Hill, NJ  08002
(856) 321-2400
Attorneys for defendant UnitedHealthcare Insurance Company (incorrectly identified as "United Healthcare")

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTHERN NJ ORTHOPAEDIC SPECIALISTS, PA a/s/o PRAMILA PATEL,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE, DISTRICT 1199J NEW JERSEY BENEFIT FUND, ABC CORP. (1-10),<br><br>Defendants. | Case No.  2:12-cv-06146(CCC)(JAD)<br><br>**ANSWER OF DEFENDANT UNITED HEALTHCARE INSURANCE COMPANY TO COMPLAINT** |

Defendant UnitedHealthcare Insurance Company (incorrectly identified in the caption and the Complaint as "United Healthcare")("United) responds to the Complaint as follows:

## AS TO THE PARTIES

1.     United admits only that Plaintiff was not in United's network of medical providers.  United is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

2.     United admits only that the address of defendant 1199J Fund is correct. United is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

3. United is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. United admits that the 1199J Fund is a self-funded ERISA plan. United denies the remaining allegations in paragraph 4.

5. United admits that Ms. Patel was a participant in or beneficiary of the 1199J Fund. United is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6. United is authorized to transact business in New Jersey. Its principal place of business is in Connecticut. United, among other things, underwrites health care insurance policies and serves as a third party administrator of self-funded health care plans. The policies and plans may provide specified benefits for services provided by both in network and out of network health care providers. Except as so stated, United denies the allegations in paragraph 6.

7. The allegations in paragraph 7 constitute conclusions of law to which no response is required.

8. The allegations in paragraph 8 constitute conclusions of law to which no response is required. To the extent a response is deemed required, United states as follows: United is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, except that United is aware that the claim form received from Plaintiff indicates that Ms. Patel made an assignment to Plaintiff.

## AS TO SUBSTANTIVE ALLEGATIONS

9. United, among other things, underwrites health care insurance policies and serves as a third party administrator of self-funded health care plans. In this case, United was the claims administrator only of the 1199J Fund. Except as so stated, United denies the allegations in paragraph 9.

10. United admits only that Plaintiff has filed a claim form for certain medical services it provided to Ms. Patel on December 10, 2009. United denies the remaining allegations in paragraph 10.

11. United denies that it agreed to compensate Plaintiff the reasonable and customary fee for the services provided to Ms. Patel. The remaining allegations constitute conclusions of law to which no response is required. To the extent that a response is deemed required, United states as follows: United is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's belief and reliance.

12. The allegations in paragraph 12 constitute conclusions of law to which no response is required. To the extent a response is deemed required, United states as follows: The characterization provided by Plaintiff is only one way to define "reasonable and customary fee." Further answering, "reasonable and customary fee" is not a defined term in the Summary Plan Description ("SPD") for the 1199J Fund, and it did not serve as the basis for calculating any benefits due for the services Plaintiff provided to Ms. Patel.

13. United received from Plaintiff a claim form dated December 16, 2009, for $50,000.00 for services provided to Ms. Patel on December 10, 2009 United processed the claim and responded by an Explanation of Benefit form ("EOB") dated January 14, 2010.

Inasmuch as the claim form and EOB are in writing, they speak for themselves, and any characterization inconsistent with their respective terms is denied.

14. United was the claim administrator that issued the EOB referred to in paragraph 13 and the decision on the first level appeal. United denies that the existence of AMA-CPT codes for a lumbar fusion establishes the medical necessity of the services provided to Ms. Patel that United denied under the terms of the SPD for the 1199J Fund.

15. United admits receiving appeals after initially processing of the claim and issuing the EOB. The appeals and the responses thereto are in writing and speak for themselves, and any characterization inconsistent with their terms is denied. Further answering, United denies that it failed to provide the required responses in the required time.

16. Admitted.

17. United paid Plaintiff $589.34 in response to Plaintiff's claim form dated December 16, 2009. .

## AS TO FIRST COUNT

18. United incorporates its responses to paragraphs 1 through 17 as if set forth herein at length.

19-22. The allegations in paragraphs 19 through 22 constitute conclusions of law to which no response is required.

## AS TO SECOND COUNT

23. United incorporates its responses to paragraphs 1 through 22 as if set forth herein at length.

24-27. The allegations in paragraphs 24 through 27 are not directed to United and therefore no response is required from it. To the extent that any of the allegations in these paragraphs may be deemed relevant to the claims against United, United states as follows: The allegations in paragraphs 24 through 27 constitute conclusions of law to which no response is required.

## AS TO THIRD COUNT

28. United incorporates its responses to paragraphs 1 through 27 as if set forth herein at length.

29-41. The allegations in paragraphs 29 through 41 constitute conclusions of law to which no response is required.

## AS TO FOURTH COUNT

42. United incorporates its responses to paragraphs 1 through 41 as if set forth herein at length.

43-48. The allegations in paragraphs 43 through 48 constitute conclusions of law to which no response is required.

## AS TO FIFTH COUNT

49. United incorporates its responses to paragraphs 1 through 48 as if set forth herein at length.

50-54. The allegations in paragraphs 50 through 54 constitute conclusions of law to which no response is required.

## AS TO SIXTH COUNT

55. United incorporates its responses to paragraphs 1 through 54 as if set forth herein at length.

56-60. The allegations in paragraphs 56 through 60 constitute conclusions of law to which no response is required.

## AS TO SEVENTH COUNT

61. United incorporates its responses to paragraphs 1 through 60 as if set forth herein at length.

62-63. The allegations in paragraphs 62 and 63 constitute conclusions of law to which no response is required.

## AS TO EIGHTH COUNT

64. United incorporates its responses to paragraphs 1 through 63 as if set forth herein at length.

65. The allegations in paragraph 65 are not directed to United and therefore no response is required from it. To the extent that any of the allegations in these paragraphs may be deemed relevant to the claims against United, United states as follows: The allegations in paragraph 65 constitute conclusions of law to which no response is required.

## DEFENSES

1. Plaintiff's Complaint fails to state a claim against United upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff lacks standing to assert them.

3. Plaintiff's claims are barred, in whole or in part, by the terms, conditions, and exclusions of any applicable agreements and plans, and its remedies, if any, are limited thereby.

4. Plaintiff's state law claims are preempted by ERISA, 29 U.S.C. § 1001, *et seq.*

5. Plaintiff's claims are barred or limited by ERISA, 29 U.S.C. § 1001, *et seq.*

6. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to exhaust all administrative remedies.

7. Plaintiff's claims are barred because the benefit determinations at issue were not an abuse of discretion, arbitrary, capricious, without reason, unsupported by substantial evidence, or erroneous as a matter of law.

8. Plaintiff's claims are barred, in whole or in part, by the applicable statutory or contractual limitations on actions.

9. United has no obligation, by operation of law or otherwise, for the liabilities that Plaintiff asserts.

10. United properly discharged all duties imposed by any applicable law, agreements, and plans.

11. To the extent that Plaintiff can prove legal damages, the damages are barred or reduced by the failure to mitigate them.

**WHEREFORE**, defendant UnitedHealthcare Insurance Company (incorrectly identified in the caption and the Complaint as "United Healthcare") demands that the Court enter judgment in its favor and against Plaintiff on all claims, and that the Court award it the costs and fees it incurs in defending itself, and for such other relief as the Court may deem just and proper.

Dated: January 4, 2013

s/Francis X. Manning
Francis X. Manning
STRADLEY RONON STEVENS & YOUNG, LLP
A Pennsylvania Limited Liability Partnership
LibertyView
457 Haddonfield Road, Suite 100
Cherry Hill, New Jersey 08002
Attorneys for Defendant United Healthcare